United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50386
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTHONY ANTWONNE MACK, also known as Anthony Mack,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:02-CR-150-ALL
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Anthony Antwonne Mack appeals his jury-trial conviction for

distribution of crack cocaine.  He argues that the district court

abused its discretion in denying his motion for new trial and

also in admitting evidence of a prior illegal drug transaction in

which he was involved.

     Mack based his motion for new trial upon newly discovered

evidence consisting of the statements of two eyewitnesses to the

offense, Christian Anthony and Luther Hall, which he contends

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would show at a new trial that he was not involved in the sale of crack cocaine to undercover police officers.

Given the evidence of Mack's guilt, the questionable credibility of Anthony, and Hall's admissions that he did not watch Mack throughout the entire transaction, Mack's proffered testimony would not probably result in an acquittal. Accordingly, the district court did not clearly abuse its discretion in denying Mack's motion for new trial. See United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996).

Mack argues further that the district court abused its discretion in admitting evidence of a prior illegal transaction to prove his identity. He contends that the two offenses were not sufficiently similar to establish a signature quality to the offenses that was probative of his identity.

Given that Mack's defense focused exclusively on his identification, the prior illegal drug transaction was relevant to the officers' identification of Mack as a participant in the charged offense. See United States v. Sanchez, 988 F.2d 1384, 1394 (5th Cir. 1993). There were also substantial similarities between the two illegal drug transactions. Both drug buys took place in the same block, and both involved the same two officers and the same two dealers. See id. at 1393. Moreover, the officers purchased the crack cocaine from Mack only one week before the instant offense. See id.

In addition, the district court minimized the prejudicial effect of the extrinsic act evidence by giving limiting instructions immediately following the testimony about the prior transaction and also in the closing jury instructions.  See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000).

Therefore, the district court did not abuse its discretion in admitting the evidence of Mack's prior wrongful act.  See United States v. Jackson, 339 F.3d 349, 354 (5th Cir. 2003).

AFFIRMED.